NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES KOLAWOLE OLANIYI,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DENIS McDONOUGH, The Secretary of Department of Veterans Affairs,<br><br>Defendant-Appellee,<br><br>and<br><br>JESSICA WANG-RODRIGUEZ; et al.,<br><br>Defendants. | No. 19-56380<br><br>D.C. No. 2:17-cv-00932-DSF-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Charles Kolawole Olaniyi appeals pro se from the district court's summary

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in his Title VII employment action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc). We affirm.

The district court properly granted summary judgment on Olaniyi's Title VII disparate treatment claim because Olaniyi failed to raise a genuine dispute of material fact as to whether his job performance was satisfactory or his employer treated him differently than similarly situated employees who did not belong to his protected classes. *See Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002-04 (9th Cir. 2019) (setting forth elements of a Title VII discrimination claim and explaining that an employee's self-assessment alone is not enough to raise a triable dispute); *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438-39 (9th Cir. 1990) (stray remarks are insufficient to establish discrimination).

The district court properly granted summary judgment on Olaniyi's retaliation claim because Olaniyi failed to raise a genuine dispute of material fact as to whether there was a causal link between his protected EEO complaint activity and his demotion. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (setting forth elements of a Title VII retaliation claim).

Olaniyi's motions to file supplemental exhibits (Docket Entry Nos. 5 and 7) are denied.

**AFFIRMED.**

19-56380